**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| CEDRIC LEWIS, KHIESHAWNTE JACKSON, AKENA LEWIS and AKIRA LEWIS | ) ) ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) ) | Judge |
| KANKAKEE AREA METROPOLITAN ENFORCEMENT GROUP, ZACH PETERS, UNKNOWN KAMEG OFFICERS AND AGENTS, UNKNOWN CITY OF KANKAKEE POLICE OFFICERS, CITY OF KANKAKEE, SHERIFF OF KANKAKEE COUNTY, and the COUNTY OF KANKAKEE, | ) ) ) ) ) ) ) ) | Case No.

Magistrate |
| | ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiffs CEDRIC LEWIS, KHIESHAWNTE JACKSON, AKENA LEWIS and AKIRA LEWIS by and through their attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants, KANKAKEE AREA METROPOLITAN ENFORCEMENT GROUP, ZACH PETERS, OFFICER HUEBNER, UNKNOWN KAMEG OFFICERS AND AGENTS, UNKNOWN CITY OF KANKAKEE POLICE OFFICERS, CITY OF KANKAKEE, SHERIFF OF KANKAKEE COUNTY and the COUNTY OF KANKAKEE, states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Central District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Central District of Illinois.

**PARTIES**

5. Plaintiff CEDRIC LEWIS ("Cedric"), at all times relevant to this action, resided in the City of Kankakee, and in the County of Kankakee. Cedric was the sole breadwinner for the co-Plaintiffs.

6. Plaintiff KHIESHAWNTE ("Kiki") JACKSON was Cedric's fiancé and resided, at all times relevant to this action, with Cedric.

7. Plaintiff AKENA LEWIS ("Akena"), the daughter of Cedric, was at all times relevant to this action a minor in the sole custody of Cedric.

8. Plaintiff AKIRA LEWIS ("Akira"), the daughter of Cedric, was at all times relevant to this action a minor in the sole custody of Cedric.

9. Upon belief, Defendant Kankakee Area Metropolitan Enforcement Group ("KAMEG") is a drug enforcement program created by the Illinois State Police and overseen and funded by the Counties of Kankakee, Iroquois and Ford.

10. Upon belief, Defendant Zach Peters, at all times relevant to this action, was an agent of KAMEG, employed by KAMEG.

2

11. Upon belief, Defendants Unknown KAMEG Officers and Agents were, at all times relevant to this action, employed by the City of Kankakee, the office of the Sheriff of Kankakee County, and Kankakee, Iroquois and Ford Counties as police officers, deputy Sheriffs and other law enforcement agents, assigned to KAMEG.

12. Upon belief, Defendant KANKAKEE COUNTY is a municipal subdivision located within the State of Illinois.

9.     Upon belief, Defendant CITY OF KANKAKEE is a municipal corporation located within Kankakee County in the State of Illinois.

13. All individual defendants are sued in their individual capacities.

**FACTS**

14. On August 2, 2022, Cedric was arrested by unknown City of Kankakee police officers. Cedric later learned that these officers worked for KAMEG and that KAMEG had been responsible for his arrest.  KAMEG's Officers and Agents claimed they had evidence indicating that Cedric was involved in a drug buy.  KAMEG and its agents ordered Plaintiff's arrest, and two of KAMEG's officers and agents arrested Plaintiff.

15. In fact, KAMEG and KAMEG offices and agents, prior to arresting and imprisoning Cedric, had reviewed evidence that showed that Cedric was not involved the drug buy; someone else had sold the drugs and the defendants knew or should have known that there was no probable cause to arrest and imprison Cedric.

16. Nevertheless, KAMEG and its officers and agents pulled over the car containing all four co-Plaintiffs, shouted orders to all of them, searched the car hoping to find probable cause for a crime, and, in front of his three co-Plaintiffs, arrested Cedric for participation in the drug buy at issue, photographed him, uploaded his photos to the internet, and put him in Kankakee

3

County Jail ("Jail") pending trial.  After 34 days residing in the Jail, Cedric was released on a recognizance bond.  The Jail did not provide drinking water to Cedric, nor did it properly medicate him.  The Jail usually provided moldy food to Cedric..

17. While Cedric was falsely imprisoned in the Jail, he was unable to care for his disabled child for whom he was primary caretaker, he lost his current job, and he lost a side job as well.  Once he bonded out, Cedric was courted by two potential employers but, according to the employers, he was denied employment solely due to his arrest and pending court case.

18. On April 11, 2023, the drug buy case against Cedric was nol prosequi ("nolle prossed"), at which point he was released from his obligations to the pre-trial services that controlled him during the pendency of the court case.  The court has yet to expunge Cedric's record. Cedric is still unable to find employment.

## COUNT I

### FALSE ARREST AND UNLAWFUL INCARCERATION AGAINST ALL INDIVIDUAL DEFENDANTS and KAMEG.

19. Plaintiffs restate and reallege all the statements made in paragraphs 1-18 of this Complaint as though fully stated therein.

20. On August 2, 2022, Defendants KAMEG and its officers and agents arrested Cedric for selling illegal narcotics even though they had videotaped proof that he was not involved in the drug buy.

21. No reasonable police officer would have believed that they had probable cause to arrest Cedric for participation in the drug buy.

22. Individual defendants violated Cedric's right to be free from unreasonable seizure when they falsely arrested him and then placed him in custody during his prosecution.

4

23. As a result of this unreasonable seizure, Plaintiff suffered severe emotional and physical trauma, including spending 34 days in custody.

## COUNT II
## ILLINOIS MALICIOUS PROSECUTION AGAINST KAMEG AND ALL INDIVIDUAL DEFENDANTS

24. Plaintiff restates and realleges all the statements made in paragraphs 1-23 of this Complaint as though fully stated therein.

25. KAMEG and the individual defendants had Plaintiff prosecuted, even though they had no evidence Plaintiff had been involved in the drug buy for which they had him prosecuted and in fact they had photographic proof that he was not involved in the drug buy.

26. Defendants KAMEG and its officers and agents knew there was no probable cause to support a prosecution of Plaintiff.

27. Plaintiff suffered emotional and pecuniary damages as a result of the malicious prosecution.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff restates and realleges all the statements made in paragraphs 1-27 of this Complaint as though fully set forth herein.

29. All co-Plaintiffs were together in an automobile when Cedric was falsely arrested for the drug buy.

30. The unknown KAMEG officers and agents were aware that Cedric was with his nuclear family. Nevertheless, the defendants arrested Cedric

31. Kiki, Akira and Akena watched as Cedric was taken to jail by law enforcement officers.

5

32. The co-defendants suffered emotional and physical damages from the conduct of the unknown officers and/or agents.

**COUNT IV**
**REIMBURSEMENT CLAIM AGAINST DEFENDANTS KAMEG, CITY OF KANKAKEE, SHERIFF OF KANKAKEE COUNTY, AND COUNTY OF KANKAKEE**

33. Plaintiff restates and realleges all the statements made in paragraphs 1-32 of this Complaint as though fully set forth herein.

34. All individual defendants were employed by KAMEG, the City of Kankakee, the Sheriff of Kankakee County and/or the County of Kankakee. All individual defendants acted within the scope of their employment and under color of State law.

35. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which their employees are liable.

36. Entity defendants are liable as principals for all torts committed by their employees.

WHEREFORE, Plaintiffs, by and through their attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, requests judgment against defendants on each and every claim as follows:

A. That Defendants be required to pay Plaintiffs general damages in a sum to be ascertained at a trial of this matter,

B. That Defendants be required to pay Plaintiffs special damages,

C. That Defendants KAMEG, CITY OF KANKAKEE, SHERIFF OF KANKAKEE AND COUNTY OF KANKAKEE be required to indemnify the individual defendants,

6

D.    That Defendants be required to pay Plaintiffs their attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

E.    That the individual Defendants be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

F.    That Defendants be required to pay Plaintiffs the costs of the suit herein incurred, and

G.    That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

/s/ Scott T. Kamin
Scott T. Kamin
Attorney for All Plaintiffs

Scott T. Kamin
Law Offices of Scott T. Kamin
333 S. Wabash Ave. #2700
Chicago, IL  60604
(312) 307-8848
Ill. Attorney No.: 6226855
scotttkamin@aol.com